**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| AMY K. GRAHAM, | ) CASE NO.   5:10-cv-1999 |
| Plaintiff, | ) |
| | ) JUDGE WELLS |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) MAGISTRATE JUDGE VECCHIARELLI |
|    Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

Plaintiff, Amy K. Graham, challenges the final decision of Defendant, the Commissioner of Social Security, Michael J. Astrue (the "Commissioner"), denying Plaintiff's applications for Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i) and 423 *et seq*.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.

For the reasons set forth below, Plaintiff's cause of action should be DISMISSED without prejudice.

### I. PROCEDURAL HISTORY

On September 8, 2010, Plaintiff filed her Complaint. (Doc. No. 1.) On December 7, 2010, Defendant filed his Answer (Doc. No. 9), and Transcript of Proceedings (Doc. No. 10). Pursuant to the Magistrate Judge's Initial Order, Plaintiff should have filed her Brief on the Merits within thirty (30) days from the filing of the Answer and Transcript. (Doc. No. 5.) Plaintiff neither filed her Brief, which was due no later than January 6, 2010, nor requested an extension of time to file her Brief. Therefore, Plaintiff's brief was overdue.

On January 14, 2011, the Court issued an Order requiring Plaintiff to file her Brief on the Merits within seven days, due no later than January 21, 2011, or show cause why the case should not be dismissed. (Order 1/14/11, Doc. No. 11.) The Order further provided that failure to do either may result in a recommendation that Plaintiff's claim be dismissed. (Order 1/14/11, Doc. No. 11.)

January 21, 2011, has now past. Plaintiff has failed to submit her Brief on the Merits, and has failed to show cause why her case should not be dismissed.

### II. LAW & ANALYSIS

A federal trial court may dismiss a case before it, *sue sponte*, if the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a court order. Fed. R. Civ. P. 41(b); *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). This measure is available to the district court as a tool to manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties. *Schafer v. City*

*of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). However, because dismissal is harsh, it "is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

Here, Plaintiff has failed to prosecute her case: Plaintiff has failed to file her Brief on the Merits in a timely fashion, and upon the Court's Order. Plaintiff's Brief on the Merits is now almost three weeks overdue, and Plaintiff has neither moved for an extension of time, nor shown good cause for her tardiness. Therefore, Plaintiff's case should be dismissed. *See May*, 8 F. App'x at 508 (dismissing a *pro se* plaintiff's case when the court ordered the plaintiff to file both an *in forma pauperis* application and a new complaint, and the plaintiff filed only the *in forma pauperis* application without explanation for failing to adhere to the court's deadline).

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that this case be DISMISSED without prejudice.

> s/ *Nancy A. Vecchiarelli*
> Nancy A. Vecchiarelli
> U.S. Magistrate Judge

Date: January 24, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**